Christopher E. DIPASQUALE,
Plaintiff,

v.

The Honorable Maria MILIN in Her Official Capacity as Judge in the Housing Court of New York City; "John Does" and the Civil Court of New York City (Its Housing Part), Defendants.

No. 04 Civ.575 VM.

United States District Court,
S.D. New York.

Feb. 3, 2004.

### DECISION AND ORDER

MARRERO, District Judge.

By Order dated January 27, 2004, this Court dismissed pro se plaintiff Christopher E. DiPasquale's ("DiPasquale") complaint and Order To Show Cause in this action for the same reasons that Judge P. Kevin Castel dismissed a very similar action that DiPasquale commenced a few days prior to the instant action. *See* Decision and Order, *DiPasquale v. Milin,* No. 04 Civ. 575, dated Jan. 27, 2004; Order of Dismissal, *DiPasquale v. Milin,* No. 04 Civ. 479, dated Jan. 23, 2004. In his complaints, DiPasquale alleges that defendant Maria Milin ("Milin"), a judge of the Civil Court of the City of New York, Housing Part (the "Housing Court"), violated his rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.,* by failing to acknowledge DiPasquale's disabilities when rendering decisions in an ongoing action in the Housing Court to which DiPasquale is a party. (*See* Complaint, dated Jan. 26, 2004, at 5–8 & Exs. 1–5; Order to Show Cause and Attached Affirmation.)

On January 29, 2004, DiPasquale submitted a letter to the Court seeking reinstatement of his complaint. From what the Court can discern from this submission, DiPasquale seeks to distinguish his current complaint before this Court from his original complaint before Judge Castel by pointing out that the original complaint (1) failed to name Milin in her official capacity as a judge of the Housing Court; (2) failed to specifically name the Housing Court as a defendant; (3) sought monetary relief rather than injunctive relief; and (4) did not explain that Milin's actions discriminated against him and violated his rights under the Equal Protection Clause of the United States Constitution and the ADA.

The Court will consider DiPasquale's January 29 letter as a motion for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), of the Court's January 27 Order. As with the complaint, the Court affords the present grounds for reconsideration the close and sympathetic reading to which it is entitled. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam); *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir.1996) (stating that pro se pleadings "must be read liberally and should be interpreted 'to raise the strongest arguments that they suggest'") (citation omitted).

■  Upon due consideration of his submission, the Court finds no merit to any of DiPasquale's arguments and therefore, denies his request for reconsideration. Contrary to his assertion, both Judge Castel's January 23 Order and this Court's January 27 Order (collectively "the Orders") did in fact consider that the action was against Milin in her official capacity as a judge of the Housing Court. By its very nature, the doctrine of judicial immunity, which was a basis on which the Orders dismissed DiPasquale's complaints, operates to shield judges acting in their official capacity. *See Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (stating that judicial immunity operates for official acts and can be overcome only in instances where the act complained of is a non-judicial act or when the act is taken "in the complete absence of all jurisdiction"). Thus, DiPasquale's claim that Milin was acting in her official capacity when she allegedly violated his rights serves only to reinforce the invocation of the doctrine in the first place.

▪ ■  Furthermore, the addition of the Housing Court as a named defendant does not change the fact that DiPasquale seeks relief based on Milin's actions in her offi-

cial capacity as a judge of the Housing Court, and thus, cannot alter the result. With regard to DiPasquale's third basis for reconsideration, it is clear from the Orders that injunctive relief was considered to be a part of the relief DiPasquale was seeking. That DiPasquale sought non-monetary damages is of no consequence to the application of the doctrine of judicial immunity. Finally, the Orders also make clear that DiPasquale alleged that Milin discriminated against him based on his claimed disabilities. The Court finds no basis to override the doctrine of judicial immunity nor intervene in a state court proceeding as explained in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Reconsideration is properly granted "to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence." *Maxwell v. City of New York*, 272 F.Supp.2d 285, 305 (S.D.N.Y. 2003) (citation omitted). Because the Court finds that none of these conditions applies, DiPasquale's motion for reconsideration of the Court's January 27, 2004 Order dismissing his complaint and Order To Show Cause is denied. The Court advises that DiPasquale has presently exhausted his remedies before this Court.

### ORDER

For the reasons discussed above, it is hereby

**ORDERED** that plaintiff Christopher E. DiPasquale's Motion for Reconsideration of the Court's January 27, 2004 Order dismissing the Complaint in this action and the accompanying Order to Show Cause is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken *in forma pauperis* from the instant order would not be taken in good faith. *See*

*Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**